The sixth case, the United States v. Cook. Mr. Bugney. Your Honor. May it please the Court. Among the many maxims that we live under as a country of laws is everyone's entitled to know what the law forbids and what it commands. And in 1968, Congress passed what is now 922G. It provided a ban on those who have been dishonorably discharged from the military, those who are convicted felons, those who are here illegally, those who are expatriates, those who are under a domestic order of abuse, and those who are fugitives from justice. In each of those categories, people know exactly where they stand. I've done X, or X has been adjudicated, I can't have a gun. But there's one provision where it's not clear, and that's 922G. Congress passed a law 50 years ago saying it should be unlawful to use or control substances. It provided no further definition, no further clarification. The Supreme Court has been silent for half a century, and courts have wrestled with that. Can you point us to a case that has entertained a facial vagueness challenge to Section 922G3? So there is a case out of the Second Circuit, I think it's National Rifle Club, and there they sort of swat it down in a matter of a sentence, and it was raised in a matter of a sentence. It was one of those briefs where 50 issues are raised by a group of gun owners or rifle owners, alleging things under the Second Amendment and saying, you know, everything's void for vagueness, including what a suppressor is. So it's not a well-developed brief, Your Honor, and I can file a 28-J with that precise citation for you if you want. But the facial challenge and why it should be allowed when it comes to 922G3 is because facial challenges are always allowed when we have substantive rights at issue. It's allowed in the First Amendment context, it's allowed in the context of abortion, it's allowed in the context of the freedom to travel and the apothecary case that we cited under the Secretary of State. It's also allowed for just mere economic issues. We can see that in the grocery store case, Cohen Grocery. We see that with just walking around the city of Chicago, though no First Amendment right is implicated there, a facial challenge is allowed. So there's no reason that we should allow for a facial challenge when it comes to unenumerated rights and just basic existence, and then we would relegate the Second Amendment to not allow for a facial challenge, only put it into it as applied. That's especially true here when you think how repugnant this would be to the founders, that we have one of our core basic rights, and that cannot even be protected outside of an as-applied challenge. We have the right to know when our Second Amendment rights have been displaced, and this statute is so imprecise, it has no standard. It is standard to know when exactly somebody has crossed that line, when they have become a user of controlled substances, an unlawful user of controlled substances. You concede, I take it, that Mr. Cook would have a very difficult time succeeding on an as-applied challenge to the statute, given the admissions in his statement to the police concerning his history of marijuana use. No, I would say not for an as-applied challenge. Would I have a hard time at trial? I had a pretty good time at trial. I kept the jury out for much longer than the evidence came in. But the as-applied challenge goes to the notice. We had no evidence about whether or not Mr. Cook had lived in Colorado, whether or not he had a prescription for marijuana use. We had none of that. So I didn't make that argument, but I'm saying that somebody, just because they say, yeah, I use marijuana, doesn't mean that they can't make an as-applied challenge. The key comes to the issue of notice, and whether or not somebody can have an understanding of when they fall within that statute. And you can see that in the district court struggling. It says, I'd like to say it's ten times a year, but that would be me making it up. And really, any standard that this court tries to graft, other than striking it down as unconstitutional, is the same thing. The court's had 50 years. Well, I don't know. Does the jury instruction represent a reasonable interpretation of what the statute means by unlawful user, and a meaningful guide to the jury in distinguishing regular and ongoing drug use from use that is either isolated or has been confined to the past? Well, that last part actually isn't in the jury instruction. The jury instruction has four problems. First, it's internally inconsistent. It says, you know, it doesn't have to take place within any days, matter of days, but it has to run through the possession. Well, you can't have both. That type of confusion is what we grant a new trial on. Second, it's inconsistent with the ANSI. I mean, this court came out with the ANSI in 2010. The new pattern instructions came out in 2012, and silence from this court as to what precisely it should be. The ANSI court said it has to be habitual, and to cure the Second Amendment problem, it had to be contemporaneous. The possession has to be contemporaneous with the use. That's not in the jury instruction. Number three, the jury instruction is not actually reflected in the statute. That's the problem, is when we have a jury instruction that's not based on a statute, we're telling Mr. Cooke, proceed in your own peril, because Mr. Cooke should be able to read the statute just like any other human being and be able to discern what he can do and what he can't do. He should be able to go out and get an opinion letter from an attorney, and no attorney's opinion letter, no matter how qualified they are, could tell Mr. Cooke when the last time he had to smoke marijuana was before he could pick up a gun. And so that's the problem, Your Honor. Mr. Cooke shouldn't have to wait until the jury has been impaneled and then have a jury charge to figure out what the standard's going to be. So I don't think that the jury instruction cures the problem here. The jury instruction also, if you look at it, the government proposed the Eighth Circuit instruction, which the Sixth Circuit said, hey, that's not even workable. So you have all these circuits struggling with that, and that's the evidence. It mirrors what happened in Johnson. We've gone back and forth so many times to say what is a violent felony, and we can't come up with it. Congress, do your homework. And here, if this court strikes it down as unconstitutional, the other states that allow for marijuana, the 16 senators from those eight states can have a say in how they want that statute precisely written. But it shouldn't be the matter of guesswork. Guesswork for Mr. Cooke and guesswork for the people of Illinois, guesswork for the people of Washington to decide, hey, when I'm engaging in lawful behavior in Washington, am I now going to be charged in the Second Amendment? And if you look, they were charged with 922 G3. If you look at what the government had argued, they said, no, those people in Colorado, those people in Washington, those people in Nevada, they can still be charged under the statute because it's about them. That would be something of note. I just, I don't understand something. In his statement to the police, he admitted that he'd been using marijuana regularly for a period of 10 years, had smoked two blunts immediately prior to the traffic stop. On these facts, how does the statute present a vagueness problem? Well, because that's, you're equating right there the proof that would go to guilt with the proof that whether or not Mr. Cooke knew what the law forbid. That's the difference. Had the Coen brothers charged $10,000 for a pound of sugar, we all agree, that's exorbitant. You can't charge $10,000, but it still would say that's unreasonable because there's no guiding principle. Well, didn't we enhance the cabinet a little bit to suggest it has to be contemporaneous use? Correct. So that's a pretty direct notice that if you're currently using illegal drugs, you can't possess. And what this court did in Yancey, if the district court had followed that, then maybe it had some teeth. But for Mr. Cooke to know exactly what it is, it's not in the jury instructions and it hasn't been followed. I'd also note that what the government had originally proposed was also a 2012 case. It went to trial in 2013. Again, not with the language of Yancey. So although this court did cabinet, and it really was done so in the terms of a Second Amendment challenge, what would allow this to survive a Second Amendment? That hasn't been what's been borne out on the ground. And so think about it this way, Your Honor. Had there been a First Amendment challenge, nobody can write a novel while being an unlawful user of drugs. It survives. Let's say it survives a First Amendment challenge. Then it goes to whether or not there's notice. Would Hunter Thompson know when he could last use drugs to be able to write a novel? Would Ginsburg be able to know when the last time he could smoke pot was before he wrote? That lack of notice has to come. And it can't just come in that we say, well, the First Amendment problem is saying we don't want you doing it while you're high. Really, I don't know how long do I have to stop. If after my last toke I say, you know what, I'm done. I'm done smoking weed, so I'm going to go to the gun range. Well, under the government's theory, under the instruction that was given, that would be enough. That wouldn't be enough. So remember, it doesn't have to be any days near it. It doesn't have to be contemporaneous according to the jury instruction, which is contrary to Yancey. And it doesn't have to be within a matter of days. Again, contrary to Yancey. So you think conviction could have been saved if it had a Yancey instruction about contemporaneous? I think that this Court rejects my facial challenge. I think that it has to come with a clear definition, something akin to what Yancey has, but I think it has to be even tighter than what Yancey has. Because there has to be prolonged use. And Mr. Cook's mere statement that he smoked for ten years, that's not enough. I mean, you ask me, have I worked out? I've worked out for the last 25 years, but clearly I don't work out. You know, like, you know, I'm not putting in the weightlifting that I should or doing things like that. It's not that you've asked me, you know, like in a deposition, Mr. Bugney, please list all the times that you exercise. Please list, you know, what you do in those exercises. It's just a, yeah, I've been doing it for ten years, which would have put him at 14. And it's also something that didn't come out. But there were also breaks when Mr. Cook was in jail. Well, we know he wasn't smoking weed every day when he was in jail. He was also under supervision for a two-year period. He wasn't smoking weed every day for two years. So the officers and the government don't want the precise answer. And that's why you have to have a precise standard that allows for people to judge their conduct. And I think if this Court remands and says, you know, we meant what we said in Yancey, and here's the jury instruction you have to give, that goes a small way to it. But you also have the problem that then we have 12 different jury instructions and 12 different circuits, including the D.C. Circuit, of what the standard would be. And that itself should be evidence that we'd say basically there's a problem here. This is really an incomprehensible statute, and one that no person should have to deal with without notice. Well, I suppose you have to figure out what one has to do to let people know that the whole reason of this law is when people are using drugs, they may do something really erratic or uncontrollable or something when they have the gun. You want to keep away from somebody who is under the influence of drugs. And your client has admitted everything. Now, you say he was in prison for some time, so, okay, it wasn't that. I mean, I can say I work out every day. So what? But I think when you're saying that you use drugs every day and I have a gun, he has a gun, that's, I think, exactly what you're trying to prevent. Now, maybe you could say it's vague, et cetera. But that's the problem with the law. And we'll see what everybody wants to do on it. But this is an unusual person that's charged with this crime, a guy that admits that he uses drugs every day and used twice that day. Your Honor, just one small point to that is your exact problem is what the statute addresses under 21 U.S.C. 802. That's through the addict. That's somebody, I think, the exact language is or has lost complete control. So he's just charged under the wrong statute? Well, I don't believe you can show that under marijuana that you've lost complete control. Now, reasonable minds can disagree with that. My dad would say absolutely and never touch me. But I think that would become a jury issue. But I think your core concern is really, yeah, it's already been taken into consideration, and that's part of a different problem. The user aspect of unlawful user of controlled substances, that's where the vagueness is. Like how many times have they used? Whether or not you were out of control. Those things sort of, they have to be bridged. And without that notice or the precision, they're actually infringing upon a constitutional right, and they're doing so in such a way that we're entrapping people. And we're getting people that normally wouldn't be charged with these crimes because, you know, we're not seeing the Xanax person, the person who borrows his wife's or husband's Xanax and takes two, even though they're not supposed to. And you look at the reg, and it says if you're taking a prescription that's not your own, that's illegal drug use, and they have a firearm. We're taking large swaths of people in America, whether they use somebody else's opiates or somebody else's pharmaceuticals. We're saying now you're a criminal, and now you can't possess a gun. And I agree, under the addict, I don't want people who are out of control either. But I don't think that somebody who takes or borrows his wife's pills should be robbed of their Second Amendment rights. All right. Thank you, Mr. Williams. Thank you. Ms. Rombolo. Good morning, Your Honors. May it please the Court, Rita Rombolo for the United States. Before we begin our discussion, I do just want to remind the Court, this is not about marijuana, okay? 922G3 prescribes the unlawful use of all controlled substances. As Mr. Bugney just pointed out, it could be opioids, it could be powder cocaine, crack cocaine, methamphetamine, PCP, heroin. So I just ask the Court not to focus on his argument about the 16 states that legalize marijuana. That is not the topic here. The topic is here. First of all, we do stand on our points in our brief about he does have to raise an as-applied challenge. But focusing on notice, the courts have uniformly required that a defendant is a current drug user because of the tenses used in the statute. And that's what 922G3 says. If you is an unlawful drug user, not was an unlawful drug user, not a former unlawful drug user, I think the notice in this statute is far more obvious than it is in many other statutes. You know if you're unlawfully using drugs every single day. You personally are the one who knows that. And we look at Mr. Cook's statements. First of all, who's going to lie to the cops about how often they use drugs? He went on to say, yeah, I use marijuana because it mellows me out, calms me down. And then he had marijuana secreted in his groin. The car smelled like marijuana and he had used two blunts. So when we look at whether or not he could file a facial challenge, again, the government maintains no. Johnson was a completely different type of case dealing with the residual clause that there was no standard there. None. Here the standard is very clear. We don't have any disagreement among the courts. Now Mr. Gluckney points out that everybody may word a jury instruction a little bit differently. But all courts agree, in essence, that the use has to be habitual, consistent, prolonged, regular, ongoing. Basically, they all mean the same thing. Mr. Gluckney and Mr. Moyer did not want the sentence in the jury instruction that one time use applied. So we did not have that in there. But when Yancey said you have to be a habitual user, our jury instruction did pattern that. We use regular and ongoing. Well, that's habitual. You know, you can interchange the terms. It doesn't mean that the jury instruction was legally incorrect. And then when you look at the last sentence of the jury instruction, we did state the government is not required to prove that the defendant used marijuana on any particular day or within a certain number of days of when he committed the charged offenses. And they allege that that violates Yancey because then we're telling the jury it does not have to be contemporaneous with. And the government disagrees. And prior to the argument today, I was trying to think of some examples. And you could have an unlawful user of any controlled substance who, let's say, is hospitalized or injured or, you know, just for 10 days, 12 days. But the minute they get out of, say, a hospital or convalescence or something, they immediately, you know, arm themselves and go out to buy a controlled substance. Now, have they used right then? Does that mean it's not contemporaneous with? It is because they're intending to use again. Or let's say they're arrested and undercover buy after being hospitalized for a period of time. That's why the government doesn't have to prove specific days. That would almost be impossible. If somebody says, I used cocaine, powder cocaine, for 10 years, and the police officers don't say, well, is it every day or three times a day? But they say 10 years, and then you may have evidence of arrest in their record, which we know the CFR says look to evidence of arrest. That's sufficient for ongoing and prolonged use. And then they possess a firearm that is contemporaneous with. So the last sentence of the jury instruction does not violate Yancey. It just says the government doesn't have to prove that you last used powder cocaine at 12 a.m. on Tuesday, September, you know, 13th, 2018. That is not at all what the cases hold. And so we do think that the jury instruction is consistent. It is consistent with Yancey. We do not think he can challenge the statute facially for the reasons I've stated. As Judge Rovner pointed out, it does provide notice. It is one of the easiest statutes of notice. Are you currently a controlled user? Mr. Bugney says, well, nobody knows. Well, what if I stop using and then want to possess a gun? Well, then obviously the government can't prove contemporaneous possession, right? I mean, that's simple. We would either lose a jury or we just wouldn't charge the case because we know what our burden is. And so the person knows when they start. They know when they stop. Law enforcement officers, prosecutors review the facts of each case along with the possession of the firearm to determine if we can prove if it's contemporaneous with. Do you think the instructions might be improved if we use current or contemporaneous in the instructions? Pardon me? Sorry. If we use the Yancy language of current or contemporaneous in an instruction, would that be a little more specific? Than regular and ongoing? Yeah. Regular and ongoing rings of contemporaneous. It does, in the government's opinion. Yeah. I'm just thinking that sometimes language can be a little more precise. And regular and ongoing, I guess you would argue, is the same as contemporaneous. Yes. Yes. And, again, we did take most of this jury instruction from one that we used in a Judge Crabb case in 2013. Now, granted, there wasn't an objection raised to it back then. But we do think that it is consistent with Yancy. Now, does this mean to say we might not try to tweak it for the next 922G3 trial? Maybe. But we'll cross that bridge when we get to it. But here, for today's purposes, consistent with this court's opinion in Yancy, consistent with the CFR, consistent with other circuit courts, this jury instruction was not erroneous. And, again, Mr. Cook did not raise an as-applied challenge, as Judge Roper pointed out. It's because he couldn't have prevailed based on the evidence and the statements. And, finally, once again, this statute does provide notice. It is not facially unconstitutional. Thank you. If the rest of the board has any questions, thank you. Mr. Boggs, I think you had run over, but you may have an additional two minutes. I would just like to first point out that the prosecutor's statement is actually precisely why it is facially invalid. We're going to rely upon prosecutors and cops to know their burden and to use good judgment. And that's what the Supreme Court in the City of Chicago v. Morales said you can't do. That's standardless. It's not that they might exercise their discretion in a good way or a bad way. It's that we don't want you to have that unbridled discretion. We want citizens to know precisely what is illegal and precisely what is legal. That's the foundation of all of this. I think also, to your point, would the language be better? Yes, because habitual means something other than contemporaneous and ongoing. Habitual is something that's habit-forming. Could you imagine me trying to get into evidence under the rule of habit? It's ongoing. I think you regularly sometimes exercise this. No. To get in habitual means a habit, something that you've always done. Now, to the final point, to Judge Rofner's earlier point, it's a Second Circuit case with the facial challenge. But the reason we don't see this is because Helder is only 10 years old. And we haven't been bringing many of this litigation, these facial litigations, to 922G because the only one that's problematic is G3. Everything else is very definite. It's concrete and we know exactly when it happens because you've left the military dishonorably or you've been convicted of a felony. But here, you don't have that precision and you don't have an idea of exactly when it is. Even the Court's questions show that there's no way to divine for an ordinary citizen precisely what is going to be forbidden and what's not. And that black hole of confusion, that's not what somebody should have to risk a felony for. If you want to exercise your Second Amendment rights, you should be allowed to. Thank you, Your Honor. Thank you, Mr. Bragdon. Thank you, Ms. Rombolo. Case is taken under advisement and the Court will stand in recess.